# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

LONDA L. FREER,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. C05-2002

**ORDER**

_____

This matter comes before the court pursuant to plaintiff Londa L. Freer's August 8, 2005, motion to alter or amend judgment (docket number 18). Ms. Freer applied for Title II Social Security benefits and Title XVI supplemental security income benefits on December 8, 2000, alleging an inability to work since November 9, 2000, due to recurrent pain. Ms. Freer's application was denied on initial review and on reconsideration. A hearing before Administrative Law Judge (ALJ) John P. Johnson was held on August 28, 2002. The ALJ denied Ms. Freer's appeal in a decision dated June 16, 2003. The Appeals Council denied Ms. Freer's request for review on November 12, 2004. This court affirmed the final decision of the Commissioner of Social Security and dismissed the matter on July 29, 2005.

In her motion, Ms. Freer moves this court to alter or amend its judgment in the above matter pursuant to Fed. R. Civ. P. 59(e). Ms. Freer alleges that: (1) this court's July 29, 2005 order is based on a manifest factual error regarding Ms. Freer's mental illness; and (2) this court's findings regarding the ALJ's credibility analysis are flawed. For the reasons set forth below, the plaintiff's motion is denied.

Ms. Freer alleges that this court erred in not affirming the ALJ's determination that Ms. Freer suffered from a somatization disorder. Ms. Freer further alleges that this court should have drawn a similar conclusion from Dr. Philip Ascheman's testimony before the ALJ. In his decision, the ALJ states:

> The medical evidence establishes that the claimant has severe impairments including a medically determinable impairment with complaints of pain in various areas including the neck, chest, shoulders, arms, and legs with a history of rotator cuff surgery and costochondritis; complaints of tremors; complaints of syncopy episodes; a history of chronic pain syndrome; a somatization disorder; and dependant personality disorder, but that she [Ms. Freer] does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. at 33). Ms. Freer contends that this statement is a conclusion by the ALJ that she indeed suffers from somatization disorder. However, the ALJ does not explicitly state that he believes Ms. Freer suffers from somatoform disorder. The ALJ's statement seems to indicate a list of objective and subjective complaints. When the ALJ's decision is viewed as a whole, it is unclear whether the above statement is a conclusion on his part that Ms. Freer suffers from the listed afflictions, or simply a list of alleged afflictions. Furthermore, even if the ALJ did determine that Ms. Freer suffers from somatization disorder, because the disorder is not one of the listed impairments, a process of further analysis must be undertaken to determine if Ms. Freer is disabled. See Trenary v. Bowen, 898 F.2d 1361, 1364 n.3 (8th Cir. 1990) (citing Bowen v. Yuckert, 482 U.S. 137, 140–42 (1987)); 20 C.F.R. § 404.1520(a)–(f).

Ms. Freer also alleges that this court's determination that Dr. Ascheman, in his testimony before the ALJ, did not support a different physician's belief that Ms. Freer suffered from somatoform disorder is erroneous. Ms. Freer alleges that Dr. Ascheman's diagnosis of dependant personality disorder and pain disorder associated with psychological factors is essentially a diagnosis of somatoform disorder. Ms. Freer cites the Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994), in support of her claim.

However, Dr. Ascheman never explicitly states that he believes Ms. Freer suffers from a somatoform disorder. He clearly disagrees with the diagnosis of somatization disorder because Ms. Freer's symptoms had not appeared prior to her thirtieth birthday, which is an onset limitation of somatization disorder. (Tr. 636). This court believes that Dr. Ascheman, as a licensed psychologist, would have clearly stated that he believed Ms. Freer suffered from somatization disorder had he believed that to be true. It is not for this court to compare the diagnosis of Dr. Ascheman with the definition of somatoform disorders listed in the Diagnostic and Statistical Manual of Mental Disorders. As this court clearly stated in its July 28 order, this is a process reserved for professionals trained in such matters and a process in which this court will not engage. (Order at 21). Ms. Freer provides no legal authority on which this court should rely to suggest that it should make a conclusory leap from Dr. Ascheman's testimony to the definition set forth in a medical health text.

This court clearly stated in its July 29 order that "whether or not Ms. Freer suffers from somatization disorder is not at issue. The issue remains whether Ms. Freer's condition precludes her from competitive employment." (Order at 22). Ms. Freer alleges that this court's failure to determine that she suffers from some type of somatoform disorder fatally infected it and the ALJ's determination of her credibility pursuant to the standard set forth by the United States Court of Appeals for the Eighth Circuit in Polaski v. Heckler, 739 F.2d 1320, 1321–22 (8th Cir. 1984).

Ms. Freer suggests that the presence of a somatoform disorder should change the ALJ and this court's analysis of her limitations under Polaski. However, she cites no legal authority in support of this contention. The Eighth Circuit has clearly stated that subjective complaints can be discredited if inconsistencies exist in the evidence as a whole. See Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). This court stands by the determination it made in its July 28 order:

> Ms. Freer's medical records simply contain too many inconsistent, vague complaints of pain that are not supported by objective medical evidence. Although this alone is not

3

> determinative as to whether Ms. Freer is entitled to disability benefits, when coupled with Ms. Freer's credibility issues and an inconsistent medical record, this court believes that substantial evidence supports the ALJ's decision. Even if Ms. Freer does indeed suffer from somatization disorder, she has provided no credible evidence that such a disorder would preclude her from obtaining competitive employment. Ms. Freer's dramatic, yet unverifiable presentations of pain, narcotic requests, inconsistent symptomatology, and defensiveness when confronted with unsupportive medical evidence all combine to require that the decision to deny disability benefits be affirmed.

(Order at 22).

Upon the forgoing,

IT IS ORDERED that the plaintiff's motion to amend or correct the judgment of this court pursuant to Fed. R. Civ. P. 59(e) be denied.

August 29, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT